# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **16-02593-jw**
Adversary Proceeding Number: **16-80160-jw**

## AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

The relief set forth on the following pages, for a total of 12 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**04/14/2017**



*/s/ John E. Waites*
US Bankruptcy Judge
District of South Carolina

Entered: 04/14/2017

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re,<br><br>Hugh Douglas Pearson, Jr.,<br><br>                                                  Debtor.<br><br>Tracy Pearson,<br><br>                                                  Plaintiff,<br><br>v.<br><br>Hugh Douglas Pearson,<br><br>                                                  Defendant. | C/A No. 16-02593-JW<br><br>Adv. Pro. No. 16-80160-JW<br><br>Chapter 13 |

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT[1]**

This matter comes before the Court on the motion of plaintiff Tracy Pearson ("Plaintiff") to set aside the Clerk's entry of default entered on February 6, 2017, due to Plaintiff's failure to answer or otherwise respond to a counterclaim asserted by defendant Hugh Douglas Pearson ("Defendant") in his answer to Plaintiff's adversary complaint ("Motion"). Defendant objected to the relief sought by Plaintiff.

After reviewing the record, including the memoranda filed by the parties prior to the hearing, and considering the arguments of counsel and the applicable law, the Court grants the relief requested by Plaintiff and makes the following Findings of Fact and Conclusions of Law.[2]

---

[1] This Order is amended to correct a typographical error in the Conclusion section of the Order.
[2] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

**FINDINGS OF FACT**

1. Plaintiff filed the above-captioned adversary proceeding on November 17, 2016. The adversary complaint ("Complaint"), styled "Complaint to Determine Dischargeability of Debt," seeks a determination from this Court under various theories that a debt allegedly owed to Plaintiff by Defendant arising from an oral agreement for the sale of real estate is non-dischargeable. The Summons and Complaint were served on Defendant, his attorney, and the Chapter 13 Trustee on November 21, 2016.

2. On December 19, 2016, Defendant filed an answer and counterclaim. In this responsive pleading, Defendant denied the allegations of the Complaint and asserted a counterclaim against Plaintiff. Defendant's counterclaim alleges that the causes of action asserted in the Complaint, together with the Complaint itself, are frivolous, untimely, and without merit, and were filed in an effort to harass Defendant ("Counterclaim"). As damages for the filing of the frivolous action, Defendant seeks to recover the attorney's fees and costs he has incurred having to litigate the adversary proceeding, relying on 11 U.S.C. § 105[3] and Federal Rule of Bankruptcy Procedure 9011[4] as the legal basis for this relief.

3. As evidenced by the certificate of service filed with the Court, Defendant served Plaintiff with the Counterclaim on December 20, 2016.

4. January 10, 2017, was the deadline for Plaintiff to answer or otherwise respond to the Counterclaim.[5] Plaintiff did not answer or otherwise respond to the Counterclaim.

---

[3] Hereinafter, all references to provisions under the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, shall be by section number only.

[4] Hereinafter, "Bankruptcy Rule."

[5] *See* Fed. R. Bankr. P. 9006.

2

5. Because no response was filed to the Counterclaim, on January 20, 2017, the Court issued an Order directing Defendant to file either an affidavit of default and proposed order for judgment on the Counterclaim, or a settlement order indicating that the Counterclaim was settled. This Order was also served by electronic mail on Plaintiff's attorney, and on Plaintiff by mail.

6. On February 1, 2017, Defendant filed an Affidavit of Default.

7. On February 6, 2017, pursuant to Bankruptcy Rule 7055, the Clerk of Court filed an Entry of Default as to Plaintiff ("Clerk's Entry of Default"). Notice of the Clerk's Entry of Default was sent to Plaintiff's counsel electronically, and served on Plaintiff by mail on February 6, 2017.

8. Because Defendant's damages were not liquidated, and no damages affidavit was filed with the Court, on February 6, 2017, the Court scheduled a status hearing and damages hearing for the Counterclaim.

9. Neither an Order of Default nor an Order for Default Judgment has been entered in the case.

10. On February 11, 2017, Plaintiff filed a Motion to Set aside Entry of Default ("Motion"). In the Motion, Plaintiff argued that the Counterclaim was not, in fact, a counterclaim, but a defense or affirmative defense to which Plaintiff was not required to file a response. In the alternative, Plaintiff argued that if the Court determined that the Counterclaim required a response, Plaintiff's failure to respond was solely the fault of his counsel, who "bears the personal responsibly of not responding. . . ."

3

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 55(a),[6] made applicable to this adversary proceeding by Bankruptcy Procedure 7055, provides that "[w]hen a party against whom a judgment for an affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a) ("Rule 55(a)"). An entry of default pursuant to Rule 55(a) is not a judgment. Instead, it "is simply a notation entered by the clerk of the court," that a party has failed to file a response to a document that calls for one. *In re Valley Food Services, LLC*, 377 B.R. 207, 212 n.5 (8th Cir. B.A.P. 2007); *In re Thornton*, 419 B.R. 787, 792 (Bankr. W.D. Tenn. 2009) ("[An] entry of default, as opposed to entry of a default judgment, is 'no more than an interlocutory act looking toward the subsequent step, an entry of a final judgment by default.'") (internal citation omitted); *see also* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *et al.*, *Federal Practice and Procedure* § 2692 (4th ed. 2016)[7] ("The entry [of default] simply is an official recognition of the fact that one party is in default, as, for example, for failure to comply with the rules, to appear as scheduled, or to prosecute the case with due diligence. The entry is an interlocutory step that is taken under Rule 55(a) in anticipation of a final judgment by default under Rule 55(b).").

Subsection (c) of Rule 55 provides that the Court "may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). The "good cause" standard it is more lenient on the defaulting party than the "excusable neglect" standard used by courts considering requests for relief under Rule 60. *See Canopius US Ins., Inc. v. Middleton*, 2016 WL 128517, at *2 (D.S.C. Jan. 12, 2016) ("[A] party attempting to have a default judgment set aside bears a heavier burden

---

[6] Hereinafter, "Rule."

[7] Hereinafter, "Wright and Miller."

4

than a party that is simply in default."); *Palmetto Fed. Sav. Bank of S.C. v. Indus. Valley Title Ins. Co.*, 756 F. Supp. 925, 931 (D.S.C. 1991), *vacated at parties' request as part of a compromised settlement*, 1991 WL 832830 (D.S.C. May 15, 1991) (same); *Stevenson v. The Student Loan Corp. (In re Stevenson)*, Adv. Pro. 95-8074-jw, Case No. 95-71026-jw (Bankr. D.S.C. Sept. 26, 1996) (unpublished) (good cause standard is more liberal than excusable neglect standard); *In re Price*, 388 B.R. 901 (Bankr. E.D. Ark. 2008) (good cause standard is more lenient on the defaulting party).

When deciding whether "good cause" exists to vacate an entry of default, the Court considers the following factors:

(1) whether the defaulting party acted promptly in seeking to set aside the default;
(2) whether the defaulting party has a meritorious defense to the claims;
(3) the personal responsibility of the defaulting party;
(4) whether the claimant would be prejudiced if the default is set aside;
(5) whether the defaulting party has a history of dilatory action; and
(6) the availability of less drastic sanctions.

*Colleton Prep. Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Canopius US Ins., Inc. v. Middleton*, 2016 WL 128517, at *2 (D.S.C. Jan. 12. 2016). The Fourth Circuit has indicated that these factors should be "liberally construed in order to provide relief from the onerous consequences of defaults. . . ." *Lolachty v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Further, while no single factor is given greater weight than another, the courts tend to place the greatest significance on who bears the personal responsibility for the default – the defaulting party or his counsel. *See U.S. v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982) (an innocent party should not be prejudiced by an error caused by his counsel); *Denton v. Orian Rugs, Inc.*, 2007 WL 2247820, at *4 (D.S.C. August 2, 2007) (same).

5

When reaching its decision, the Court must be mindful that the law disfavors default judgments. The Court must also honor the judiciary's general policy favoring decisions based on the merits. "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969); *see Moradi*, 673 F.2d at 727 ("the clear policy of the Rules is to encourage disposition of claims on their merits . . . [and] trial judges are vested with discretion, which must be liberally exercised, in entering such judgments and in providing relief therefrom") (internal citation omitted). Thus, "the extreme sanction of judgment by default is reserved only for cases where the party's noncompliance represents bad faith or a complete disregard for the mandates of procedure and the authority of the trial court." *Mobil Oil Co. De Venez. v. Parada Jimenez*, 989 F.2d 494, 1993 WL 61863, at *3 (4th Cir. 1993) (unpublished table decision).

The parties agree that Plaintiff acted promptly when he filed the Motion five days after the Clerk's Entry of Default was filed. In both pleadings and oral argument, Plaintiff's counsel assumed sole responsibility for Plaintiff's failure to timely respond to the Counterclaim. The parties disagree regarding the remaining factors; therefore, the Court will consider them in turn:

1. **Meritorious Defense**. When ruling on this factor, the Court must determine "whether there is some possibility that the outcome [of the case] . . . after a full trial will be contrary to the result achieved by the [entry of] default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contr. Corp.,* 843 F.2d 808, 812 (4th Cir. 1988) (citing 10C Wright and Miller, *Federal Practice and Procedure* § 2697 (2d ed. 1983)). The movant's burden on this factor is not high. "While [a] bare allegation of a meritorious defense is insufficient, [movant's] burden is minimal." *DirecTV, Inc. v. Aiken*, 2004 WL 547221, at *2 (W.D. Va. March 16, 2004). To meet this burden, a movant must merely submit a proffer which would permit a finding in his favor on the claim. *See id.*;

6

*accord Moradi,* 673 F.2d at 727; *Ramussen v. Am. Nat'l Red Cross*, 155 F.R.D. 549, 552 (S.D. W. Va. 1994) (a "tenuous" defense may be sufficient if the court can discern the possibility that the defendant may be able to vindicate his claim).

Although not labeled as claim for abuse of process, in effect, this is the Counterclaim asserted by Defendant. *See generally Hainer v. Am. Med. Int'l, Inc.*, 492 S.E.2d 103, 107 (1997) (a claim for abuse of process in South Carolina must assert two essential elements: 1) an ulterior purpose, and 2) "a willful act in the use of the process not proper in the conduct of the proceeding."). Specifically, Defendant seeks a finding from this Court that the Complaint is frivolous and was filed for an improper purpose. Defendant alleges that because he has been forced to defend a frivolous lawsuit, he has incurred damages. Defendant believes that his damages may be the attorney's fees and costs he has incurred in defending himself in this adversary proceeding. Defendant also believes that he may recover his damages pursuant to the equitable power of this Court and Bankruptcy Rule 9011. In the Court's view, Defendant's claim is a counterclaim that Plaintiff was required to respond to under the rules.

Although Plaintiff advanced several procedural arguments to justify his failure to respond to the Counterclaim, in none of his arguments did Plaintiff address the substantive allegations raised by Counterclaim, nor did Plaintiff make a proffer of his defenses thereto.[8] Plaintiff's only acknowledgment of the substantive allegations of the Counterclaim was his recognition that, "all relief sought by Defendant [is] dependent upon Plaintiff's Complaint. . . ."

---

[8] In his Memorandum of law filed in support of the Motion, Plaintiff expressly elected not to present his arguments on the issue of "good cause." *See* Plaintiff's Memorandum of Law at 10.

7

It is true that the standard for granting relief under Rule 55 is lenient,[9] and Plaintiff's burden of showing a meritorious defense is not a high one. However, notwithstanding the low burden and the requirement of leniency, Plaintiff was required to do more than merely state in a conclusory fashion that he had a meritorious defense. In the Court's view, Plaintiff's pleadings fall "far short of providing the court with a satisfactory explanation of the merits of [his] defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 250-51 (4th Cir. 1967).

Because Plaintiff has failed to proffer any evidence to support his statement that he has a meritorious defense, the Court finds that Plaintiff has failed to satisfy his burden on this factor.

2.  **Prejudice to Defendant**. Plaintiff asserts that Defendant will not be prejudiced if he is permitted to answer the Counterclaim. Defendant disagrees, and argues that he will be prejudiced if this adversary continues.

It is clear that because Plaintiff failed to timely respond, Defendant incurred costs and attorney's fees associated with the preparation and submission of the Affidavit of Default and responding to the Motion. These expenses and costs can be remedied by the Court's award of attorney's fees and costs.

It is also clear that if the Court vacates the Clerk's Entry of Default, Defendant will experience delay in the ultimate adjudication on the merits of his Counterclaim. However, even if the Court were to deny Plaintiff's Motion, the litigation would not be ended. Plaintiff's claims against Defendant must still be litigated because entry of a judgment in Defendant's favor on the Counterclaim would not automatically result in a dismissal of the entire adversary proceeding.[10]

---

[9] *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986) (a more lenient standard is applied to motions under Rule 55); *see also* Fed. R. Civ. P. 8(d)(3) ("Pleadings must be construed so as to do justice.").

[10] To resolve the issues raised in the Complaint, the matter must be tried, or the Complaint must be disposed of through a summary motion. Thus, even without a default Order on its Counterclaims, Defendant may be able to quickly bring this matter to a conclusion by moving for summary judgment.

Having reviewed the record, the Court finds that there is insufficient evidence that Defendant will be prejudiced in this adversary proceeding if the Motion is granted. There are no allegations or evidence of spoliation, increased difficulties of discovery, nor any assertion that setting aside the Clerk's Entry of Default will either impair Defendant's ability to litigate his claims or impose an unreasonable burden. *Id.*; *see* Wright and Miller, *supra*, at § 2699. Plaintiff has sufficiently met his burden on this factor.

3.    **History of Dilatory Action**. Defendant argues that Plaintiff has been dilatory in this action, and that this factor weighs against granting the Motion. Defendant points not only to Plaintiff's failure to respond to the Counterclaim, but also to Plaintiff's alleged failure to timely file the Complaint by the deadlines imposed by the Bankruptcy Code, and his failure to object to the Plan, which Defendant suggests provides him with complete defense to the Complaint.

When considering a party's history of dilatory action, the proper focus for the Court's analysis is the defaulting party's actions in connection with the procedural issue before the Court, not the allegations that go to the merits of the case. *Brewer v. HSBC* (*In re Brewer*), Adv. Pro. No. 16-80151-jw, slip op. at n.10 (Bankr. D.S.C. Feb. 21, 2017). In this case, Plaintiff's counsel asserts that Plaintiff's failure to act was solely the fault of counsel, and that his client should not be prejudiced because of his actions. Indeed, while there are allegations that Plaintiff's reasons for bringing the adversary are questionable, there are no allegations that Plaintiff was responsible for the failure to respond to the Counterclaim.

It is well established that "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings." *Moradi*, 673 F.2d at 728; *accord Augusta Fiberglass*, 843 F.2d at 812 (when considering a party's request for relief from the entry of a default judgment, the court must

9

distinguish between the fault of the party and the fault of his counsel). While Defendant may ultimately be correct that Plaintiff's claims are time barred and that the Complaint is frivolous, when, as in this case, the record discloses that Plaintiff bears no personal responsibility for the failure to respond to the Counterclaim, the Court must resolve the propriety of giving relief in Plaintiff's favor, particularly when there are less drastic sanctions available. *Id.*

4. **Less Drastic Sanction.** Defendant did not ask the Court to impose a lesser sanction on Plaintiff as a condition of relieving him from the Clerk's Entry of Default. Plaintiff, in contrast, stated his view that the imposition of a lesser sanction would be appropriate, but did not identify what the lesser sanction might be. There is no evidence in the record that the parties have engaged in settlement discussions on this issue, or that Plaintiff offered to pay Defendant the attorney's fees he incurred in connection with obtaining the Clerk's Entry of Default.

When setting aside a clerk's entry of default, the Court has discretion to impose a sanction less drastic than enforcement of the default. *See Moradi*, 673 F.2d at 728; *Augusta Fiberglass*, 843 F.2d at 812; *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 921 (4th Cir. 1982) (less drastic sanctions include payment of costs or attorney's fees); *Hovis v. ITS, Inc.* (*In re Air South Airlines, Inc.*), Case No. 97–07229–W, Adv. Pro. No. 99–80166–W, slip op. at 4 (Bankr. D.S.C. Sept. 1, 1999) (awarding plaintiff attorney's fees and costs incurred in the preparation and filing of the default and order for judgment, and defense of the defendant's motion for relief from the default judgment). Depending upon the circumstances, the Court, in its discretion, may impose sanctions either upon a party, its attorney, or both. *See Augusta Fiberglass*, 843 F.2d at 812-13 (upon remand, court may consider the propriety of sanctions against counsel, who was responsible for the error).

Based upon the facts presented to the Court, the Court finds that a less drastic sanction of an award of reasonable fees and costs, to be paid by Plaintiff's counsel, is appropriate in this case. Therefore, upon Defendant's submission of a fee affidavit,[11] the Court shall consider entering an order awarding Defendant the reasonable attorney's fees and costs incurred by his counsel in seeking the Clerk's Entry of Default and matters associated with this Motion and hearing.

## CONCLUSION

Based on the foregoing, it is therefore:

ORDERED that Plaintiff's Motion is granted. The Clerk's Entry of Default regarding the Counterclaim is hereby vacated. Plaintiff shall file and serve his answer or other responsive pleading to the Counterclaim within ten (10) days of entry of this Amended Order.[12] *See* Fed. R. Bankr. P. 7012.

IT IS FURTHER ORDERED that within ten (10) days of entry of this Amended Order, counsel for Defendant may submit an Affidavit of Attorney's Fees and Costs ("Affidavit"). Plaintiff's response to the Affidavit, if any, shall be filed within five (5) days thereafter. Upon its receipt of the Affidavit and any response thereto, the Court will issue a further order awarding reasonable attorney's fees and costs for Defendant's counsel.

**AND IT IS SO ORDERED.**

---

[11] Reviewing the record, it appears that in connection with her objection, counsel for Defendant submitted an exhibit containing a breakdown of the attorney's fees and costs incurred by Defendant related to the entire adversary. While the exhibit provides helpful information, to be properly admissible, the information should be presented as part of an affidavit of counsel.

[12] At the hearing on the Motion, Plaintiff's counsel sought leave to submit a supplemental memorandum of law for the Court's consideration when making this ruling. The Court denied counsel's request. Thereafter, on March 28, 2017, Plaintiff filed a document captioned "Motion to Dismiss Counterclaim." This document appeared to be an attempt by Plaintiff to supplement his arguments in support of the Motion for Reconsideration, to circumvent the Court's denial of Plaintiff's oral motion, to prevent entry of this Order, or all three. On April 4, 2017, the Court entered an Order Denying the Motion to Dismiss Counterclaim, without prejudice. When making this ruling, the Court did not consider the arguments offered by Plaintiff in said motion.